UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BANKERS' BANK NORTHEAST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 1:12-cv-00127-GZS |
| | ) |
| EVERETT L. AYER, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**ORDER & REPORT OF CONFERENCE**

In accordance with the Court's prior Orders (ECF Nos. 159 & 162), the Court held a conference of counsel on March 7, 2013.  Attorney Judith Scolnick & Thomas Laughlin appeared for Plaintiff.  Attorney Elizabeth Stewart appeared telephonically for Defendants Ayer, Goodwin, Graceffa, Heselton, Hollingdale, Lacasse, McClay and Rizzo. Attorney Gregory Hansel appeared in person as local counsel for the same group of Defendants.  Attorneys Richard O'Meara and Kelly McDonald appeared for Defendant Markos.  Attorneys Kenneth Rosenthal and Michael Nelson appeared for Defendant Berry, Dunn, McNeil & Parker LLC.  Following the conference, the Court hereby ORDERS that the following procedure be followed in connection with the discussed motion practice:

On or before **noon on March 28, 2013**, Plaintiff shall file the contemplated motion for leave to amend the complaint attaching a proposed amended complaint to the motion. Defendants shall file any response to this motion to amend no later than **noon on April 11, 2013**. While a reply is not required, any reply will be considered so long as it is filed no later than **noon**

**April 18, 2013**.  The Court expects that all of the motion papers filed in connection with this motion will comply with the page limits set forth in District of Maine Local Rule 6(e).

At the conference, the Court suggested and no party objected to delaying the filing of the proposed motion for summary judgment until the Court has ruled on the to-be-filed motion to amend the complaint.  To the extent that Plaintiff wishes to file a motion for summary judgment after reviewing the ruling on their motion to amend the complaint, Plaintiff shall notify the Court within seven days of the Court's decision.  In the absence of receiving notification of the intention to file summary judgment, the Court will lift the stay of discovery and set new scheduling order deadlines one week after it issues its decision on Plaintiff's motion to amend the complaint.  If Plaintiff notifies the Court that it intends to proceed with the filing of a motion for summary judgment on the issues outlined in the February 13, 2013 memorandum (ECF No. 161), the motion for summary judgment shall be filed within 14 days of the Court's decision on the motion to amend.  At the conference, all parties agreed that this motion for summary judgment could be filed and briefed in accordance with the time and page limits set out in District of Maine Local Rules 6 & 56.

In connection with any motion for summary judgment, the Court encourages the parties to file stipulations of fact that could serve to further streamline the parties' statements of material fact.  The parties shall file any stipulations using the "Stipulated Record" event in CM/ECF.  The Court reminds the parties that they are free to indicate that any such stipulations are admissions solely for purposes of the to-be-filed summary judgment motion.  See D. Me. Local Rule 56(g).  Any stipulations will be considered by the Court in ruling on the motion and need not be reiterated or referenced in the statements of material fact.    The Court encourages the parties to make any such filing of stipulations prior to the filing of the motion for summary judgment.

However, the Court will consider any stipulations filed prior to the completion of briefing on the motion for summary judgment.

In addition to any stipulations, the Court also expects the parties' summary judgment filings will comply with all aspects of Local Rule 56.  Should any party need to file more than fifty (50) statements of material fact, that party shall request leave of the Court to do so.  The parties are reminded that Local Rule 56(f) requires specific record citations for all facts submitted in a statement of material facts.  Absent a specific citation, the Court has no duty to consider any part of the record submitted.  To the extent any party will rely on any previously filed exhibit, the Court encourages the parties to use the "PageID #" generated by CM/ECF, particularly if the alternative pin citation may not be readily apparent to the Court.

As discussed at the conference, the Court anticipates that discovery will remain stayed until any and all of the motion practice outlined in this Order is complete and the Court has issued its rulings on the motions.

SO ORDERED.

                                                /s/ George Z. Singal
                                                United States District Judge

Dated this 7th day of March, 2013.