# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| BANKERS' BANK NORTHEAST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Docket no. 1:12-cv-00127-GZS |
| | ) |
| EVERETT L. AYER, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION TO AMEND

Before the Court is Plaintiff's Motion to Amend the Complaint (ECF No. 168). For reasons briefly explained herein, the Court GRANTS the Motion.

In this case, Plaintiff claims the Defendants engaged in negligent misrepresentation and professional malpractice in connection with an $18 million loan Plaintiff made to the Savings Bank of Maine ("SBM") on September 16, 2008 (the "Loan"). By this Motion, Plaintiff Banker's Bank Northeast ("BBN") seeks to amend its Complaint to add as plaintiffs nine community banks (collectively with BBN, the "Consortium") that jointly participated, with BBN, in funding the Loan. In its original Complaint (ECF No. 1), BBN clearly alleged that "BBN represented a consortium of community banks that would each provide a portion of the money loaned to SBM and is authorized to bring this action."[1] (Compl. ¶ 2.) In the Complaint & Plaintiff's May 27, 2011 Initial Disclosures (ECF No. 170-1), Plaintiff also clearly indicated

---

[1] It appears that each Defendant initially answered this allegation by asserting that they lacked knowledge or information that would allow them to admit or deny this particular allegation. (See Answers (ECF Nos. 40, 41, 42, 50, 60, 116, 152) ¶ 2.)

1

that its damages included "$9 million in principal." (Id. at 4.)  There is no genuine dispute that this amount reflects the amount lost by the Consortium, not BBN alone.

Having conducted some discovery, it appears Defendants now wish to dispute whether BBN is appropriately "authorized" to seek as damages the losses of the other members of the Consortium.  In the context of this case, such a dispute is readily resolved by allowing the members of the Consortium to join as plaintiffs thereby ensuring that the real parties in interest are named.  Allowing the joinder of the nine other banks involved in the Loan is clearly contemplated under the letter and spirit of Rule 17.  See Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.")  Moreover, joinder of the other banks best serves the interests of justice and judicial efficiency.

Alternatively, the Court readily concludes that the amendment sought in this case is also allowable under the "liberal" standard of Rule 15 and the "good cause" standard of Rule 16. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008)  ("Our case law clearly establishes that Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely give[n]' standard, governs motions to amend filed after scheduling order deadlines.").  First, the amendment is not futile.  Second, the Court finds that Plaintiff has exhibited the requisite diligence in seeking amendment of the Complaint.  Third, on the record presented, the Court fails to see how Defendants can claim they are prejudiced by the proposed amendment.  The proposed amendment does not add claims or increase the damages sought.  Rather, Defendants had adequate notice as to the inclusion of the losses of the proposed additional plaintiffs from the

outset of this litigation. While Defendants argue that they would be prejudiced because they would seek additional discovery from these nine other banks and discovery "has nearly concluded," any discovery-related prejudice is readily resolved by Defendants moving for an extension of the discovery deadline and/or seeking additional amendments to the scheduling order. In short, there is ample good cause to support allowing the proposed amendment of the Complaint.

Therefore, Plaintiff's Motion to Amend is hereby GRANTED. To the extent that Plaintiff still wishes to file the motion for summary judgment outlined in its February 5, 2013 Notice (ECF No. 158) & February 13, 2013 Memorandum (ECF No. 161), after reviewing this ruling, Plaintiff shall notify the Court within seven days of today. In the absence of receiving notification of the intention to file summary judgment, the Court will lift the stay of discovery and set new scheduling order deadlines on April 26, 2013.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 19th day of April, 2013.