UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| BANKERS' BANK NORTHEAST, et als., | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) 1:12-cv-00127-GZS ) |
| EVERETT L AYER, et als., | ) ) ) |
| Defendants | ) |

**ORDER ON LOCAL RULE 44 OBJECTION**

According to the Corrected Amended Complaint (ECF No. 178), the plaintiff lending institutions loaned Savings Bank of Maine (SBM) $18 million in September 2008. Due to severe loan losses it appeared that SBM was headed for insolvency, closure by the Office of Thrift Supervision, and FDIC receivership. To avoid this potential outcome, a group of third party investors invested additional capital in SBM. As part of that deal, the plaintiffs agreed to forgive $9 million of their loan to SBM, but reserved the right to pursue claims of any nature against SBM's accountants, Defendant Berry, Dunn, McNeil & Parker, and against SBM's directors' and officers' insurance policies in effect when the $18 million loan originated. (Corrected Am. Compl. ¶¶ 1-15, 68.) This action advances those reserved claims.

The discovery period authorized in the Court's scheduling order expired in October 2013. The parties and certain third parties have produced more than 100,000 pages of documents. Defendant Berry, Dunn, McNeil & Parker now objects to the plaintiffs' identification of certain business records and a newspaper article as part of the plaintiff's "Local Rule 44 Disclosure." (Objection to Pls.' Local Rule 44 Disclosure, ECF No. 209.)

This District's Local Rule 44 applies to proof of official or certified records and provides that a party offering such records in evidence, including "certified records" under Rule of Evidence 902(11), "shall identify and produce such records as required by the scheduling order or other order of the Court." D. Me. Loc. R. 44. Pursuant to the Rule: "If the discovery period has passed, the Court may on motion permit additional discovery, limited to the issue of the authenticity of records to which objection has been taken." Id. Rule of Evidence 902(11) incorporates domestic records that meet the requirements of Rule of Evidence 803(6)(A)-(C), thereby bringing records of a regularly conducted business activity under Local Rule 44.

The scheduling order in this transferred case consists of a court-approved "Report of Rule 26(f) Planning Meeting." (See ECF Nos. 33, 35.) That document does not contain any mention of District of Maine Local Rule 44. Nevertheless, the plaintiffs have sought to identify various business records as "certified records" falling under Local Rule 44. The plaintiffs' Local Rule 44 disclosure includes the following objected-to identifications:

> (1) The documents produced by Plaintiffs in response to Defendants' document requests.
>
> (2) The documents produced by Defendants in response to Plaintiffs' document requests.
>
> (3) The documents produced by Chaston Associates in response to Plaintiffs' subpoena.
>
> (4) The documents produced by Anthony Nowak in response to Plaintiffs' subpoena.
>
> (5) The documents produced by the Bank of Maine in response to Plaintiffs' subpoena or the subpoena of Defendant Berry Dunn McNeil and Parker.
>
> . . .
>
> (8) Dina El Boghady, In Washington Mutual Case, senator says OTS was watchdog with no bite, *The Washington Post,* April 17, 2010 (Plaintiffs' Exhibit 178).

Berry, Dunn, McNeil & Parker objects that the first five "disclosures" are not sufficiently particularized and that the eighth, a newspaper article, is not the sort of exhibit that falls under the purview of Local Rule 44. As to the first five, the representation is that "Berry Dunn will, of course, work with Plaintiffs' counsel in advance of trial, and in connection with the upcoming pretrial order, to identify documents that the parties can mutually agree should be entered as full exhibits in this case, including, where appropriate, specifically identified business records." (Objection at 2.) However, it is otherwise asserted that "the undifferentiated designation of tens of thousands of documents . . . is not a proper or practical means of accomplishing that purpose, and is not consistent with the letter or spirit of Local Rule 44." (Id.)

In response, the newspaper article is withdrawn from the designation. (Response at 3 n.1, ECF No. 228.) As for the thousands of pages of business records, the response is in two parts. First, the plaintiffs essentially modify their disclosure by describing the designated documents in new terms, though the new terms do not purport to identify every document. The revised identifications are as follows:

> (1) Plaintiffs' files and emails related to their September 16, 2008 loan (the "Loan") to the Savings Bank of Maine ("SBM");
>
> (2) Berry Dunn's audit workpapers and emails pertaining to Berry Dunn's audits of SBM;
>
> (3) the loan review workpapers and communications of third-party Chaston Associates pertaining to a loan review conducted for SBM;
>
> (4) the loan review workpapers and communications of third-party Anthony Nowak pertaining to a loan review conducted for SBM; and
>
> (5) loan files of SBM itself for certain specific borrowers.

(Response at 1-2.) Second, the plaintiffs say that Berry Dunn has not actually raised any authenticity challenge and that these documents are "classic examples of business

records." (Id. at 2.) The plaintiffs assert that they made the Rule 44 disclosure because Berry Dunn did not respond to their proposal to stipulate that these documents are all business records under Rule 803. (Id. at 3.) If Berry Dunn will not stipulate, the plaintiffs wish to use Rule 44 to obtain an order allowing them to obtain affidavits certifying the records and to depose Berry Dunn to establish that Berry Dunn's workpapers are business records under Rule 803(6). (Id.)

**Discussion**

On January 7, 2014, I held a telephone conference with the parties regarding this objection. Berry Dunn's objection to the initial Rule 44 disclosure is sustained in part. In fact the plaintiffs have substantially modified that disclosure in their response to the objection and it appears to me to be quite likely that ultimately the parties will be able to stipulate that "business records" produced by either party or third parties are authentic and there will be no need for numerous custodians to appear at trial to testify as to authenticity. However, apparently there is a continuing dispute whether certain of the designated documents, primarily from the third parties, qualify as actual business records and thus whether they are even within the Rule's ambit. There is no way this issue can be resolved at this time because it has not been clearly presented to the court and the parties have not fully conferred regarding the breadth of the actual exhibits that are in dispute. Based on the current state of affairs, I am entering the following order:

The objection to the Rule 44 disclosure is terminated without prejudice at this time. No later than one week prior to the rescheduled pretrial conference counsel for the plaintiffs, after conferring with Berry Dunn's counsel, shall file an amended Rule 44 disclosure which identifies the specific documents (business records) that remain in dispute in terms of authenticity issues,

indicates that all other exhibits have been stipulated to be authentic, and indicates what additional discovery, if any, remains to be done concerning authenticity of business records issues. The parties should make every effort to complete any discovery-related inquiries on these limited issues prior to the pretrial conference, but if anything remains to be completed after the conference it should be clearly articulated in the amended disclosure. As this matter is scheduled as a jury waived trial, the court may ultimately determine to resolve these issues, if any authenticity issues remain (as well as the <u>Daubert</u> related issues) in the context of the trial itself. By the time of the pretrial conference (which will be reset by the clerk's office in front of Judge Nivison sometime after the first week in March) the parties should be able to clearly articulate the scope of any remaining dispute.

*So Ordered.*

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 7, 2014