UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BANKERS' BANK NORTHEAST, et al., )
                                 )
        Plaintiffs                )
                                 )
v.                                )    No. 1:12-cv-127-GZS
                                 )
BERRY DUNN McNEIL & PARKER,       )
LLC,                              )
                                 )
        Defendant                 )


*MEMORANDUM DECISION ON MOTION FOR TIME AND BILLING RECORDS*

The defendant in this accounting malpractice case scheduled to begin a bench trial on April 17, 2014, seeks the time and billing records of the plaintiffs' expert witness, Bharpur Singh. The parties have submitted letter briefs on the issue in accordance with the terms of my Report of Final Pretrial Conference and Order dated March 5, 2014. ECF No. 262 at 2. I grant the motion.[1]

## I. Discussion

On September 30, 2013, plaintiff Bankers' Bank Northeast ("BBN") provided the defendant with a report written by its rebuttal expert, Bharpur Singh. Counsel for the defendant maintains that Singh's time and billing records were requested both before and after his deposition was taken, but neither party informs the court of the date of that deposition. Letter dated March 12, 2014, from Kenneth Rosenthal to Judge Rich ("Rosenthal Letter") at 6. BBN's counsel asserts that the request for this information was first made at the final pretrial conference

---

[1] The parties have settled a second dispute, originally presented along with the request for Singh's time and billing records, about the defendant's intent to take a trial deposition of a witness previously deposed during discovery. *See* Letter dated March 23, 2014, from Kenneth Rosenthal, Esq., to Judge Rich.

1

on March 5, 2014. Letter dated March 12, 2014, from Thomas L. Laughlin ("Laughlin Letter") to Magistrate Judge Rich at 5. In the absence of agreement as to when this information was first requested, I am unable to assess the timeliness of the request.

The defendant seeks Singh's time and billing records ("not the work product of Plaintiffs' attorney") for "this case alone." Rosenthal Letter at 6. It relies on this court's unreported opinion on this issue in *Noveletsky v. Metropolitan Life Ins. Co.,* No. 2:12-cv-21-NT (D. Me. Oct. 19, 2012). BBN responds that it has provided all of the information about Singh that is required by Fed.R.Civ.P. 26(a)(2)(B)(vi), citing *In re Fuller*, Nos. 2:13-mc-140-JHR, CV-12-975-PHX-SMM, 2013 WL 5305317 (D. Me. Sept. 18, 2013), and cases from other jurisdictions denying similar requests.

In *Noveletsky*, the defendant sought the time and billing records of the plaintiffs' expert witnesses. Memorandum Decision and Order on Discovery Dispute, *Noveletsky v. Metropolitan Life Ins. Co.*, No. 2:12-cv-21-NT (ECF No. 99) ("*Noveletsky* Decision"), at 2. I rejected the argument, also made by BBN here, that such records are *per se* non-discoverable. *Id*. at 3-5. That is the only argument made by BBN. Laughlin Letter at 5-6. Noting that "this court has recognized that information on expert compensation beyond that required to be disclosed automatically can be relevant to the assessment of expert bias and/or credibility, justifying its production," I allowed the discovery sought in *Noveletsky*. *Noveltsky* Decision at 7.

In my Memorandum Decision on Motion to Compel Compliance with Subpoena Duces Tecum, *In re Fuller*, Nos. 2:13-mc-140-JHR, CV-12-975-PHX-SMM (D. Me. Sept. 18, 2013), I dealt with a somewhat different request, made in the form of a motion to compel compliance with subpoena, for a much wider range of documents, including billing records and time sheets. *Id*. at *1. The trial judge in the underlying case in the District of Arizona had already refused a

very similar request. *Id*. at *2. Judge Hornby of this court affirmed my decision on appeal, but declined to enforce the subpoena on a different ground, that compliance would impose an undue burden, *Fuller v. UNUM Group*, Civil No. 2:13-MC-140-DBH, 2013 WL 5967019, at *1 (D. Me. Nov. 8, 2013), taking the case even further from the instant case on its facts, since BBN does not make a burdensomeness argument here.

My reasoning in *Noveletsky* applies to the instant request, which is granted. While, as I noted in *Noveletsky*, an expert's time and billing records are not always discoverable, BBN's argument that such records are *per se* non-discoverable is rejected, and I accept Berry Dunn's argument that Singh's time and billing records will allow examination of the allocation between his loan review work and his "arguably relevant" analysis in the context of the loan portfolio at issue here. Singh shall provide BBN's attorneys with copies of his existing time and billing records related to this case within five business days of the date of this opinion.

BBN asks in a footnote that "[s]hould this Court determine to allow Berry Dunn's request that detailed billing records and time records for Mr. Singh be produced, BBN respectfully requests that such an order be conditioned upon Berry Dunn's production of comparable records for each of its witnesses proffered as expert witnesses – including Lawrence Connell, Jonathan Chism, Charles Colgan, John Fridlington and Tracy Harding." Laughlin Letter at 6 n.2. I deny this tit-for-tat request. Unlike the defendant's request, which seeks such records for a single expert witness and sets out specific reasons for its request, BBN offers no support whatsoever for its much more extensive request.

## II. Conclusion

For the foregoing reasons, the defendant's request for certain time and billing records of Bharpur Singh is **GRANTED**, and those records shall be produced within five business days of the date of this opinion. The request of Bankers' Bank Northeast for time and billing records of all of the defendant's designated expert witnesses is **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 28th day of March, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge